# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JERRY D. COLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12 CV 1404 DDN |
| | ) | |
| MISSOURI DEPT. OF TRANSPORTATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Jerry D. Cole for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). After reviewing the complaint for frivolousness, maliciousness and for failure to state a claim under § 1915, the Court will order plaintiff to amend his complaint and provide the Court with a copy of his EEOC right to sue letter.

**The Complaint**

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, and presumably the Missouri Human Rights Act ("MHRA"), Mo. Rev. St. § 213.010, et seq., alleging race and color discrimination by defendant the Missouri Department of Transportation ("MDOT"). Specifically, plaintiff alleges that defendant discriminated against him by failing to promote him and through the terms and conditions of his employment.

Although plaintiff has included with his complaint a copy of his right to sue letter from the Missouri Commission on Human Rights ("MCHR"), he has failed to attach a copy of an Equal Employment Opportunity Commission ("EEOC") right to sue letter. Moreover, although plaintiff's complaint concisely states that he is bringing a claim against MDOT under Title VII, nowhere in the complaint does it specifically state that he is bringing a claim for discrimination under the MHRA. Rather, plaintiff has merely attached a copy of his right to sue notice from the MCHR. Thus, the Court is left to merely surmise that plaintiff is making an MHRA claim.

## Discussion

When plaintiff filed his complaint with the MCHR, the complaint was automatically dual-filed with the EEOC. As such, if plaintiff has received an EEOC right to sue letter, he must submit a copy of it to this Court. If he has not yet received an EEOC right to sue letter, this Court would not have jurisdiction over plaintiff's

EEOC claim[1] or his present MCHR claim, because federal jurisdiction over a plaintiff's state MHRA claim depends upon the Court's jurisdiction over a federal claim in the same action.[2]

The statute of limitations is now running on plaintiff's state MHRA claim.[3] A plaintiff should always be aware of the necessity of filing an employment discrimination claim within the time period provided by statute and in the appropriate state or federal court. In the absence of an accompanying federal claim, a plaintiff may file an MHRA claim in the appropriate state court within the time period set forth in the MCHR notice of right to sue letter.

Accordingly, the Court will order plaintiff to amend his complaint to articulate whether or not he is pursuing a claim under the MHRA, in addition to supplementing

---

[1] "[T]o initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right to sue letter." Stuart v. General Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000). If plaintiff has received an EEOC right to sue letter, he must submit a copy of it so the Court can ascertain the timeliness of his federal employment claims. See 42 U.S.C. § 2000e-5(f)(1)(to maintain a Title VII claim, an aggrieved employee is required to file suit within ninety (90) days after receipt of a notice of right to sue).

[2] The Court notes that there does not appear to be any grounds for diversity jurisdiction in the instant case. See 28 U.S.C. § 1332.

[3] Plaintiff's MCHR right to sue is dated May 7, 2012. Claims brought under the MHRA must be filed within ninety (90) days of receiving a right to sue letter from the MCHR. See Mo.Rev.Stat. § 213.111.1.

the record by submitting a copy of his EEOC right to sue letter, if he has received one, within thirty (30) days of the date of this Order.

Additionally, the Court will deny plaintiff's motion for appointment of counsel at this time. There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering these factors and the factual allegations in the case at hand, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**. See 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that plaintiff shall amend his complaint, on a court-provided form, and submit a copy of his EEOC right to sue letter, if he has received one, within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff a copy of a blank Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED**.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, this action will be dismissed without prejudice.

 /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on August 17, 2012.